J-S22041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                      :                    PENNSYLVANIA
                                                      :
                v.                                   :
                                                      :
                                                      :
DAARON ANTHONY SHEARS            :
                                                      :
                Appellant                          :   No. 1248 WDA 2022

Appeal from the PCRA Order Entered October 17, 2022
In the Court of Common Pleas of Fayette County
Criminal Division at CP-26-CR-0001660-2011

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                        **FILED:  July 21, 2023**

Daaron Anthony Shears (Appellant) appeals *pro se* from the order dismissing his seventh petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 13, 2012, a jury convicted Appellant of rape, statutory sexual assault, and sexual assault.[1]  On November 2, 2012, the trial court sentenced Appellant to a prison term of 10 – 20 years for the rape conviction, a consecutive 3 months to 10 years in prison for the sexual assault conviction, and no further penalty for the conviction of statutory sexual assault.  On November 8, 2012, the trial court amended Appellant's sentence to impose a consecutive term of 3 months to 10 years in prison for the statutory sexual

---

[1] *See* 18 Pa.C.S.A. §§ 3121, 3122.1, 3124.1.

assault conviction, and no further penalty for sexual assault. Appellant filed a notice of appeal on December 11, 2012. On May 23, 2013, this Court quashed the appeal as untimely filed.[2] *Commonwealth v. Shears*, No. 1954 WDA 2012 (Pa. Super. filed May 23, 2013) (order). Appellant did not petition for allowance of appeal.

Since that time, Appellant has filed multiple PCRA petitions without success. *See Commonwealth v. Shears*, 292 A.3d 1086 (Pa. Super. filed January 10, 2023) (unpublished memorandum at 2-3 (describing Appellant's multiple unsuccessful PCRA petitions)). Relevant to this appeal, Appellant filed his sixth PCRA petition on February 18, 2022. On August 10, 2022, following appropriate Pa.R.Crim.P. 907 notice, the PCRA court dismissed Appellant's sixth petition without a hearing. PCRA Court Order, 8/10/22. Appellant timely appealed.

On September 1, 2022, **while the appeal of Appellant's sixth petition was pending**, Appellant filed the instant PCRA petition, his seventh. On September 9, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the seventh petition without a hearing. On October 17, 2022,

---

[2] Because Appellant failed to timely appeal, his judgment of sentence became final on December 10, 2012, *i.e.*, 30 days after entry of his judgment of sentence. *See* Pa.R.A.P. 903(a) (requiring an appeal be filed "within 30 days after the entry of the order from which the appeal is taken.").

the PCRA court dismissed Appellant's petition as untimely filed. Appellant filed this appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Before addressing Appellant's issues, we address the procedural posture of this appeal. Appellant filed the instant PCRA petition during the pendency of his appeal from the order denying his sixth petition. We have explained:

> Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585, 588 (Pa. 2000)[3]; **see also Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*), **appeal denied**, 647 Pa. 570, 190 A.3d 1134 (Pa. 2018) (reaffirming that **Lark** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." **Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. **Id.** If the petitioner pursues the pending appeal, then the PCRA court is required under **Lark** to dismiss any subsequent PCRA petitions filed while that appeal is pending. **Lark**, **supra**.
>
> Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case. **Id.**; **see also Commonwealth v. Porter**, 613 Pa. 510, 35 A.3d 4, 12 (Pa. 2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

---

[3] **Lark** was overruled on other grounds not pertinent to this appeal. **See Commonwealth v. Small**, 238 A.3d 1267, 1271 (Pa. 2020).

*Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) (footnote added).

There is no dispute that Appellant's appeal from the denial of his sixth PCRA petition was pending before this Court on September 1, 2022, when Appellant filed his seventh PCRA petition.[4] Consistent with *Beatty*, the PCRA court was required to dismiss Appellant's seventh PCRA petition because the sixth petition was pending on appeal. *Id.* at 964. Notwithstanding, the PCRA court dismissed Appellant's petition as untimely and not subject to an exception to the PCRA's time-bar. PCRA Court Order, 10/17/22, at 3-4.

We may affirm a PCRA court's decision on any basis supported by the record. *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa. Super. 2022) (citations omitted) (stating, "[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions" and "may affirm a PCRA court's order on any legal basis."). Therefore, we affirm the PCRA court's dismissal of Appellant's seventh PCRA petition because Appellant's appeal of his sixth petition was pending before this Court.[5] *See Beatty*, 207 A.3d at 961, 964.

Order affirmed.

Judge Olson joins the memorandum.

---

[4] This Court filed its decision in that appeal on January 10, 2023. *See Commonwealth v. Shears*, 292 A.3d 1086 (Pa. Super. 2023) (unpublished memorandum).

[5] Appellant filed an eighth PCRA petition on November 28, 2022.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/21/2023